IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JAMES CLINTON PATTERSON,

    Petitioner,

v.                                    Civil Action No. 3:12CV66

ERIC D. WILSON,

    Respondent.

**MEMORANDUM OPINION**

James Patterson, a federal prisoner confined in Petersburg, Virginia, submitted a 28 U.S.C. § 2241 ("§ 2241 Petition").[1] The matter is before the Court on Respondent's Motion to Dismiss or in the alternative Motion to Transfer the § 2241 Petition to the United States District Court for the Middle District of North Carolina ("the Sentencing Court"). For the reasons that follow, the Motion to Dismiss will be granted.

---

[1] That statute provides, in pertinent part:

**(c)** The writ of habeas corpus shall not extend to a prisoner unless—
    **(1)** He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or
    **(2)** He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or
    **(3)** He is in custody in violation of the Constitution or laws or treaties of the United States . . . .

28 U.S.C. § 2241(c)(1)-(3).

## I.  PROCEDURAL HISTORY

The Sentencing Court convicted Patterson of possession of cocaine base with intent to distribute and sentenced him to 262 months of incarceration.[2]   On February 6, 2004, the Sentencing Court denied a 28 U.S.C. § 2255 motion filed by Patterson challenging the above conviction and sentence.  United States v. Patterson, No. 1:01cr301 (M.D.N.C. Feb. 6, 2004).   On January 20, 2012, this Court received Patterson's § 2241 Petition in which Patterson contends that:

> In light of the intervening change in law announced by Carachuri-Rosendo v. Holder . . . , as applied to the North Carolina Structured Sentencing penalty scheme by United States v. Simmons, . . . Petitioner's prior North Carolina drug convictions [are] no longer properly classified as "crimes punishable by more than one year imprisonment" which may serve as valid predicates for the mandatory sentence enhancements prescribed by 21 [U.S.C. §] 841(b)(1)(B) and 851 or the Career Offender guideline, USSG [§] 4B1.1 . . . .

(Mem. Supp. § 2241 Pet. 1.)[3]   Thus, Patterson claims that he "is actually innocent of committing a prior felony offense

---

[2] Patterson received an enhanced sentence under 21 U.S.C. § 851, and the Sentencing Court designated him as a career offender under § 4B1.1 of the United States Sentencing Guidelines. (§ 2241 Pet. 11-13.)

[3] In Carachuri-Rosendo v. Holder, 130 S. Ct. 2577 (2010), the Supreme Court held that "whether a prior conviction is an 'aggravated felony' as used in the Immigration and Nationality Act ('INA') must be resolved by looking at the offense for which the defendant was actually convicted, not the offense for which he could have been convicted in view of his conduct." United States v. Powell, 691 F.3d 554, 555 (4th Cir. 2012).   In

punishable by more than one year imprisonment, and as a result is also actually innocent of his enhanced" sentence.   (Id. at 13-14.)   The Court directed Respondent to respond to Patterson's § 2241 Petition.

In response, Respondent has moved to dismiss, arguing, inter alia, that Patterson's § 2241 Petition is a successive, unauthorized 28 U.S.C. § 2255 motion.

## II.  MOTIONS UNDER 28 U.S.C. § 2255 COMPARED TO PETITIONS UNDER 28 U.S.C. § 2241

A motion made pursuant to 28 U.S.C. § 2255 provides the primary means of collateral attack on the imposition of a federal conviction and sentence and must be filed with the Sentencing Court.   See Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000) (quoting Cox v. Warden, Fed. Det. Ctr., 911 F.2d 1111, 1113 (5th Cir. 1990)).   The Antiterrorism and Effective

---

Simmons, the United States Court of Appeals for the Fourth Circuit

> overruled prior decisions and held that, in deciding whether to enhance federal sentences based on prior North Carolina convictions, we look not to the maximum sentence that North Carolina courts could have imposed for a hypothetical defendant who was guilty of an aggravated offense or had a prior criminal record, but rather to the maximum sentence that could have been imposed on a person with the defendant's actual level of aggravation and criminal history.

Id. at 556 (citing United States v. Simmons, 649 F.3d 237, 241 (4th Cir. 2011)).

Death Penalty Act of 1996 (AEDPA) restricted the jurisdiction of the district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a "'gatekeeping' mechanism." Felker v. Turpin, 518 U.S. 651, 657 (1996).   Specifically, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."   28 U.S.C. § 2244(b)(3)(A).[4]

A federal inmate may not proceed under 28 U.S.C. § 2241 unless he or she demonstrates that the remedy afforded by 28 U.S.C. § 2255 "is inadequate or ineffective to test the legality of his detention."   28 U.S.C. § 2255(e).[5]   For example, "attacks

---

[4] An inmate may not file a second or successive § 2255 motion, unless a panel of the appropriate Court of Appeals certifies that the motion contains:

> **(1)** newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> **(2)** a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

[5] This statute provides, "An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief [under 28 U.S.C. § 2255], shall not be entertained

4

on the execution of a sentence are properly raised in a § 2241 petition." In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (citing Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996); Hanahan v. Luther, 693 F.2d 629, 632 n.1 (7th Cir. 1982)). Nevertheless, the United States Court of Appeals for the Fourth Circuit has emphasized that "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision or because an individual is procedurally barred from filing a § 2255 motion." Id. (internal citations omitted).

The Fourth Circuit has stressed that an inmate may proceed under § 2241 to challenge his conviction "in only very limited circumstances." United States v. Poole, 531 F.3d 263, 269 (4th Cir. 2008) (internal quotation marks omitted). The "controlling test," id., in the Fourth Circuit is as follows:

> [Section] 2255 is inadequate and ineffective to test the legality of a conviction when:  (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot

. . . unless it also appears that the remedy [under 28 U.S.C. § 2255] is inadequate or ineffective to test the legality of his detention."   28 U.S.C.   § 2255(e).   "This 'inadequate and ineffective' exception is known as the 'savings clause' to [the] limitations imposed by § 2255." Wilson v. Wilson, No. 1:11cv645 (TSE/TCB), 2012 WL 1245671, at *3 (E.D. Va. Apr. 12, 2012) (quoting In re Jones, 226 F.3d 328, 333 (4th Cir. 2000)).

satisfy the gatekeeping provisions of § 2255 because
the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000) (emphasis

added). The Fourth Circuit formulated this test to provide a

remedy for the "fundamental defect presented by a situation in

which an individual is incarcerated for conduct that is not

criminal but, through no fault of his [or her] own, [he or she]

has no source of redress." Id. at 333 n.3 (emphasis added).

### III. ANALYSIS OF PATTERSON'S 28 U.S.C. § 2241 PETITION

Patterson fails to satisfy the second prong of In re Jones,

226 F.3d 328, 334 (4th Cir. 2000). Specifically, Patterson

fails to demonstrate that "subsequent to [his] direct appeal and

[his] first § 2255 motion, the substantive law changed such that

the conduct of which [he] was convicted is deemed not to be

criminal." Id. (emphasis added). The conduct of which

Patterson stands convicted, possession with intent to distribute

cocaine, remains a crime.

Patterson seeks to proceed by § 2241 to challenge his

designation as a career offender and his enhanced sentence under

21 U.S.C. § 851. As explained below, Patterson fails to

establish that he can utilize the savings clause and § 2241 to

pursue alleged sentencing errors.

"Fourth Circuit precedent has . . . not extended the reach

of the savings clause to those petitioners challenging only

their sentence." United States v. Poole, 531 F.3d 263, 267 n.7 (4th Cir. 2008) (citing In re Jones, 226 F.3d at 333-34). Indeed, the Fourth Circuit has specifically refused to allow petitioners to utilize § 2241 to challenge their designation as a career offender. See Darden v. Stephens, 426 F. App'x 173, 174 (4th Cir. 2011) ("[O]ur cases have confined the § 2255 savings clause to instances of actual innocence of the underlying offense of conviction . . . ."); Little v. Hamidullah, 177 F. App'x 375, 375-76 (4th Cir. 2006) (affirming district court's determination that a federal prisoner could not utilize § 2241 to pursue a "claim[ ] that he was 'actually innocent' of being a career offender"); Boynes v. Berkebile, No. 5:10-cv-00939, 2012 WL 1569563, at *6 (S.D. W. Va. May 1, 2012) ("[T]he Fourth Circuit has not broadened the parameters of the analysis of the savings clause in Jones to encompass a challenge to a sentence based on a sentenc[ing] guideline enhancement or a claim of 'actual innocence' of a sentenc[ing] guideline enhancement.").

The Fourth Circuit's refusal to allow petitioners to utilize § 2241 to challenge a career offender designation applies with equal force to a challenge to an enhanced sentence under 21 U.S.C. § 851. Kincaid v. United States, Nos. 5:12-CV-00166-RLV, 5:05-CR-00235-RLV-DCK-4, 2012 WL 6093456, at *4 (W.D.N.C. Dec. 7, 2012) (concluding savings clause not available

to challenge enhanced sentence under 21 U.S.C. § 851); <u>Jones</u>
<u>v. United States</u>, Nos. WDQ-12-2186, WDQ-92-0301, 2012 WL
3115756, at *1 (D. Md. July 25, 2012) (same).

Because Patterson challenges only the validity of his
sentence and not the legality of the underlying conviction, he
cannot pursue such a challenge by a § 2241 petition. <u>Wilson</u>,
2012 WL 1245671, *3.[6]

Accordingly, the Respondent's Motion to Dismiss (Docket
No. 8) will be granted. The action will be dismissed for want
of jurisdiction. The Motion to Transfer (Docket No. 9) will be
denied as moot.

The Clerk of the Court is directed to send a copy of this
Order to Patterson and counsel for Respondent.

It is so ORDERED.                    /s/    *REP*
                               _____
                               Robert E. Payne
                               Senior United States District Judge

Richmond, Virginia
Date: *January 8, 2013*

_____

[6] Moreover, because Patterson fails to demonstrate his
factual innocence of the predicate crimes for his career
offender designation and enhanced sentence, Patterson cannot
demonstrate his actual innocence of the career offender
designation or the enhanced sentence under 21 U.S.C. § 851. <u>See</u>
<u>United States v. Pettiford</u>, 612 F.3d 270, 284 (4th Cir. 2010)
(holding that "actual innocence applies in the context of
habitual offender provisions only where the challenge to
eligibility stems from factual innocence of the predicate
crimes, and not from the legal classification of the predicate
crimes" (citing <u>United States v. Maybeck</u>, 23 F.3d 888, 894 (4th
Cir. 1994))); <u>Herndon v. Johns</u>, No. 5:11-HC-2092-FL, 2012 WL
3629211, *2-3 (E.D.N.C. Aug 22, 2012).